7-23CV-122-0

(DEPUTY CLERK)
Wichita Falls US Courthouse
1000 LAMAR St. rm. 218
Wichita Falls, Tx 76307



re: immediate reimbursement of wrongfully deducted funds from my prison account in the wake of the (EFC) stimulus payments to all prisoners namely the second round of stimulus checks.

Dear Honorable one,

First off allow to express my appreciation for your valuable time.

My $1200 and 600 checks taken from my account overdue state depts such as indigent supplies, Medical copayment, state court costs and destroying state property (for a hole in the wall of a cell that had been there for years and was impossible to make without some kind of tool(s)

## Statement of facts

On December 27, 2020 The Stimulus Statue, the Consolidated Appropriations act (CAA) was passed

that provided a $600 stimulus payment public 116-260 134 stat. 1182 (2020) 26 USC § 6428 which parallels § 6428A. See Scholl v Mnuchin 494 F. Supp

It was also rendered by the courts that the stimulus checks in question should not be confused with the most recent $1400 checks under current President Joseph Biden it is however in reference to the $1200 and $600 checks under President Donald Trump that were ruled on section 277(d)(2) of the C.A.Act. Provides that the second round of stimulus checks **shall not be transferable or assigned**, at law or in equity, and no applical payment shall be subject

to execution, levy, attatchment, garnishment, or other legal process, or the opperation of any bankrupcy or insolvency law. Thus this means that this round of stimulus checks may not be garnished to cover over due depts by federal or state prisons. In my case both checks were deducted from my prison account for Medical co-pay, Indigent supplies, Damaging State Property, and State Court Costs. I have been confined since 11-12-03 with little to no family support due correspondance issues and on top of that I am a COVID surviver, so this just didn't seem right, so I decided to look into the matter and found out the actual date of this enactment

which mortalized my intuitious allegations as the mother of truth. I wrote numerous grievances on this issue yet and still it is as if they evaporated in thin air, the reason why is clearly apparent to me now. I am attaching to this letter slash prayer that you can help me with this vital matter for immediate reimbursment minus any frivilous protocals being that I am on the correct side of the fence in this matter.

Thank You for Your Valuable Time

Happy Holidays to You and Yours and God Bless You and Yours.

*Stephen Edwards*
respectfully submitted

Stephen Awthxwey Edwards
#1260584
TDC Allred Unit
2101 FM 369 North
Iowa Park Tx. 76367

Att. (3 Page)

(UTMB)
Medical Practice Manager
Employed on the Allred Unit
2101 FM 369 North
Iowa Park, TX

In re: Attempt At An informal Resolution
over Unconstitutional Discrimination

---

Dear Medical Practice Manager

UTMB's adherence to Texas Government code Section 501.0634 that came into effect September 28, 2011, requiring the Texas Department of Criminal Justice (TDCJ) to collect a $100 medical co-pay is violating my U.S. constitutional Fourteenth Amendment Rights to Equal Protection under the law which prohibits discrimination. Article VI of the U.S Constitution renders Texas Gov. Code Section 501.063 void because it is in direct conflict with constitutional law. IN the UNINTED STATES the supremacy clause of the constitution

set forth in Artical VI, explicitly states that the constituion and federal laws are the supreme law of the land it simply dictates that state law and policy is void if it directly conflicts with federal law. Article VI of the U.S. constitution is as follows

"This Constitution and the laws of the UNINTED STATES which shall be Made in Pursuance thereof; and all treaties made, or which shall be made, under the authority of the UNINTED STATES, shall be the supreme Law of the land; and the Judges in every state shall be bound thereby, and anything in the Constitution or Laws of any STATE to the contrary notwithstanding."

The legislators who sponspered this change in the medical co-pay programs pay ~Disreguard~ law were not -ognizant of its unconstitutional ramifications. No doubt they drew upon the practices of other tates that have instrumented medical co-pay ograms. But there is a fundamental difference between Texas and other

states. Those states that have emplemented medical co-pay pay their prisoners for their labor.

It doesn't matter what job a prisoner performs, whether typing as a clerk or serving food in the chow hall - in most all states other than Texas, prisoners earn wages. Therefore the co-pay law does not discriminate against anyone. All inmates earn wages and have money.

In Texas the co-pay law places a hardship on inmates who have money in their commissary fund and/or families who already pay stipends through taxes. Such a burden is even more of a hardship for indigent inmates such as myself. Any money placed in my trust fund account automatically gets cut in half before I ever see it just to go on medical co-pay then the rest of it goes towards court costs and indigent mail owed. Thus I would never see any money at all made to my inmate trust fund account.

Therefore I beleive that this hardship violates

the U.S. Constitution on actions against cruel and unusual punishment, it denies due process and equal protection of the law, not to mention the unnecessary and unjustified mental distress and anguish it is putting me through, already being mentally disabled, and it is a retroactive application of ex post facto laws that increase the range or degree of punishment after conviction.

For these reasons I demand that the 489.65 cents that was taken off my books (Trust fund account commissary) in the wake of the stimulas checks issued to be placed back in my account ASAP.

I am also contacting Senator John Whitmire with the Committee on Criminal Justice to get this unconstitutional gov. code repealed.

Respectfully Submitted,

STEPHEN EDWARDS #1405584
Allred Unit
2101 FM 369 North
Iowa Park, TX 76367
HSF -- Cell 07

evading the objective

A. Neuman, RN/ADON

Review of your chart does not show any copay charges in several years. The medical department does not collect money from but indicates which visits met criteria for copay.

Amy Newman

RECEIVED JAN 03 2022 @ 1100 BY: AN

**SUBJECT:** State briefly the problem on which you desire assistance.

How's it goin guy? So um as of now I need to know who I need to sue or IF I even have to go that route for that matter, to get my money back that was taken off of my account in the wake of Mr Trump's issuance of the stimulus checks that where not in no shape form or fashion intended to pay bills in a prison that dosen't even pay prisoners for their much unappreciated labor? No disrespect to you of course. Have a nice

Name: Stephen Edwards    No: #2260584    Unit: Allred

Living Quarters: 12F-56B    Work As: Staying Alive (literally)

**DISPOSITION:** (Inmate will not write in this space)

You have no recent charges by the medical department. Your old charges are past the grievable time period.

JUN 27 2023

K Page FHM
evading the objective

☆I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

## INMATE REQUEST TO OFFICIAL

*1 of Numerous Attempts*

REASON FOR REQUEST: (Please check one)

PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: Mr Kenyon Page C.D.A
(Name and title of official)

ADDRESS: DA

DATE: 6/20/23

NAME STEPHEN EDWARDS
TDC# 1160584
2101 FM 369 N
IOWA PARK, TEXAS 76367



NORTH TEXAS TX P&DC
DALLAS TX 750
2 NOV 2023 PM 7 L

(DEPUTY CLERK)
WICHITA FALLS US CourtHouse
1000 LAMAR St. RM. 216
WICHITA FALLS TX. 76301

RECEIVED
NOV 14 2023
CLERK U.S. DISTRICT
NORTHERN DISTRICT OF

76307-301668